No. 2384.

## J. C. CLEMENTS *v.* F. M. EWING ET AL.

1. RIGHTS OF WIFE WHEN ABANDONED BY HUSBAND. — A wife, when abandoned by her husband, is thereby empowered to manage and dispose of her separate property.

2. SAME.—It is not requisite that a necessity for selling exist to confer power to sell the separate property upon a wife who has been abandoned by the husband.

3. SAME—COMMUNITY.—Such necessity for selling must exist to enable the

wife to sell community property. This has its existence for protection of the delinquent husband.

4. JUDGMENT LIEN — REGISTRATION. — The registration, July 17, 1868, in another county of a judgment upon which execution had not been issued within twelve months after its rendition, in a case not affected by the stay laws, did not fix a lien in the county of such registration.

5. JUDGMENT LIEN.—See facts where *held* no judgment lien existed.

APPEAL from Nacogdoches. Tried below before Hon. James I. Perkins.

The opinion gives an abstract of the record sufficient to show upon what the court acted in the decision.

*Ingraham & Ratcliff,* for appellant: 1. A married woman can not convey land except by joining with her husband and by her privy acknowledgment. (Rev. Stats., arts. 559, 4310; Jones v. Goff, 63 Texas, 248; Cannon v. Boutwell, 53 Texas, 626; Coffey v. Hendricks, 66 Texas, 676.

2. No necessity was shown for the wife selling the land. (Slator v. Neal, 64 Texas, 222; Heidenheimer v. Thomas, 63 Texas, 287.)

3. The conveyance in 1869 by Mrs. Hicks did not affect the judgment lien, afterwards foreclosed by sale, the basis of the title of the plaintiffs.

STAYTON, CHIEF JUSTICE. This is an action of trespass to try title, brought by appellant against many defendants to recover that part of a tract of land originally granted to Jose M. Marquez, situated in Nacogdoches county. This appeal, however, only involves one thousand acres out of that part of the grant which is claimed by Moody and Jemison. The plaintiff and defendants claim through Mrs. L. V. H. Hicks, whose separate estate it once was.

The defendants claim through a regular chain of transfer from Mrs. Hicks, the conveyance to their remote vendor having been made by her on April 2, 1869.

The plaintiff claims through a judgment rendered in Cherokee county, on October 28, 1863, under which the land was sold some time in the year 1876, under a levy of execution made on May 23, 1872.

To avoid the title of the appellees, the plaintiff relies on two propositions:

First. That Mrs. Hicks was a married woman at the time she made the conveyance through which the appellees claim, and that as in this she was not joined by her husband or privily examined, no title passed, and therefore the property remained hers until the execution under which he claims was levied upon it. It appears that Mrs. Hicks was married to J. J. Hicks in 1860, and that they removed to Texas and here lived for about sixteen months, when Hicks entered the Confederate army, and remained out of the State until the time of his death, which occurred after the conveyance through which the appellees' claim was made.

Hicks visited his home in Texas twice during the war, but never returned to this State after the cessation of hostilities in 1865. From that time until his death he never returned to his wife, who continued to reside in Texas, but remained in Louisiana, where he married again after having, as the evidence tends to show, obtained a divorce at some time subsequent to the date of the deed made by Mrs. Hicks, through which the appellees claim.

The court below found that the long continued absence of Hicks from his home and wife authorized her to dispose of her separate estate as a *femme sole*, and we see no reason to doubt the correctness of this conclusion. After the presence of Hicks in the Confederate army could be no longer required, he remained absent from his wife and home for near four years before she made the conveyance, and his subsequent conduct evidences his intention to have been permanently to abandon her. Under such circumstances the wife was empowered to manage and dispose of her separate estate as a *femme sole*.

It is said that it was not proved that any necessity for the sale of the land existed at the time Mrs. Hicks made the conveyance. To authorize Mrs. Hicks to sell her separate estate, when abandoned by her husband, without being joined by him, it was not necessary that a necessity for such a sale should exist. The rule involved has application only when the abandoned wife sells community property, and has its existence for the protection of the delinquent husband.

2. It is urged that the judgment, through which the plaintiff claims, was a lien on the land, and that for this reason the appellant has a title superior to that acquired by the appellees through deed from Mrs. Hicks.

The facts on which this proposition is based are as follows:

On October 28, 1863, a judgment was rendered in the probate court for Cherokee county, against Mrs. Hicks, as guardian of a minor.  This judgment was rendered on settlement of her account as guardian.  First execution issued on that judgment to Cherokee county on November 27, 1865, and a second to same county June 16, 1868, and a third to Nacogdoches county on April 23, 1872, which on May 23, of same year, was levied on the land in controversy.  The sale under that levy was arrested by an injunction sued out by one Allen, which was dissolved in July, 1875, after which the land was sold under a *venditioni exponas* in pursuance of the levy made in 1872.

The judgment against Mrs. Hicks was never recorded in Cherokee county, and was not recorded in Nacogdoches county until July 17, 1868, and it was again recorded in that county on July 15, 1872.  The judgment against Mrs. Hicks was not one affected by the stay law.  Under the law in force when it was rendered no such steps were taken as would make it a lien on property situated anywhere.  (P. D., 3963, 7005.)

When the judgment was recorded in Nacogdoches county, by failure to use within the proper time the means the law gave to collect it, it had ceased to have capacity to give lien when recorded.  (Muller v. Boone, 63 Texas, 91; Anthony v. Taylor, 68 Texas, 405; Bassett v. Proetzel, 53 Texas, 579; Barron v. Thompson, 54 Texas, 235; Ficklin v. McCarty, 54 Texas, 371.)

There is no error in the judgment and it will be affirmed.

*Affirmed.*

Opinion deliverd October 12, 1888.