### Richard P. Bennett v. W. J. Montgomery.

#### No. 160.

**1. Wife Permanently Separated from Husband may Convey Her Separate Property.**—If the wife deals with her separate property as a feme sole at a time when the facts and circumstances show a permanent separation of husband and wife, it is immaterial upon which of them rests the blame in the separation. By such separation she, for the purpose of dealing with her separate estate, is restored to the status of a feme sole.

**2. Case in Judgment.**—Bennett and wife married in 1863. They had one child. They separated in 1865, and it appeared that she was to blame. The husband took the child and left the State. The wife took up with another man, and while bearing his name sold a land certificate, her separate property. After his majority and after the mother's death, the child sought to avoid the sale by his mother. *Held*, that the mother's sale conveyed title, although not joined by the husband.

Error from Travis. Tried below before Hon. W. M. Key.

*Wood & Granberry, Walton, Hill & Walton,* and *James B. Goff,* for plaintiff in error.—1. A married woman, unless abandoned by her husband, could not, in the year 1872, legally convey her separate property in a land certificate, except by deed executed by herself and husband; and for this reason the pretended sale and conveyance by Cora K. Rice (Bennett) to Montgomery and Wheeler was absolutely void. Pasch. Dig.,

art. 1003; Const. 1846, art. 7, sec. 19, note 196; Cannon v. Boutwell, 53 Texas, 626; Wilkerson v. Rowland, 3 Willson's C. C., sec. 11; Berry v. Donley, 26 Texas, 744; Perry v. Calhoun's Lessee, 8 Hump., 556; Whittaker v. Blair, 3 J. J. Marsh., 242; Rhea v. Rhenner, 1 Pet., 108.

2. The fact of separation from her husband, if the willful act of the wife, does not clothe the wife with the power to convey her property by her separate act. She is only authorized when by his act she is forced to assume his duties. Wright v. Hays, 10 Texas, 130; Zimpelman v. Robb, 53 Texas, 280; Ezell v. Dodson, 60 Texas, 331; Carothers v. McNese, 43 Texas, 221; Leggate v. Clark, 111 Mass., 308; Melley v. Allen, 99 Mass., 241.

*Rector, Thomson & Rector*, for defendant in error.— The right of a married woman to manage and dispose of her separate property is not limited to a case of abandonment by her husband, but also arises after separation upon the husband's failure for a great lapse of time to support the wife and to manage and care for her separate property. Wright v. Blackwood, 57 Texas, 644; Davis v. Saladee, 57 Texas, 326; Wright v. Hays, 10 Texas, 131; McAfee v. Robertson, 41 Texas, 356; Zimpelman v. Robb, 53 Texas, 274; Walker v. Stringfellow, 30 Texas, 570; Clements v. Ewing, 71 Texas, 371.

FISHER, CHIEF JUSTICE.—This was an action brought by defendant in error (plaintiff below) against plaintiff in error (defendant below) to establish a lost deed from Cora K. Rice to W. J. Montgomery and T. B. Wheeler for an undivided half of the headright certificate of Louis P. Cook, and to quiet his title to 6,917,270 varas of land located by virtue of said certificate. The cause was tried by the court without a jury, and resulted in a decree for the plaintiff establishing said deed, and quieting Montgomery's title to the land in controversy. Defendant brings his case here by writ of error.

The court below found the facts as follows, which we adopt as the findings of fact by this court:

" 1. That prior to 1860, Louis P. Cook and his wife died, leaving four children, one of whom was Cora K. Cook, who, in May, 1863, married G. W. Bennett, and in November, same year, she gave birth to a child, who is the defendant in this suit.

" 2. That sometime in 1865 said Cora K. abandoned her said husband and child, and never lived with or saw them thereafter up to the time of her death, which occurred in Austin, Texas, in August, 1873, said abandonment having taken place in Corpus Christi, Texas.

" 3. That said G. W. Bennett moved from Texas to the State of Kentucky in 1871, and carried defendant with him, and has lived there ever

since, and is now over fifty years of age; that he kept defendant until he was about grown.

" 4. That from the time of said G. W. Bennett's marriage to said Cora up to the present time, he has never had possession of or exercised any control over any of the separate property belonging to said Cora, and never after their separation contributed anything to her support; in fact, he did not know where she was, she having become an abandoned woman, and led a life of shame.

" 5. That the interest of said Cora in the property involved was the separate estate of said Cora; and plaintiff and defendant both claim under her, thus:

" 6. That on the 10th day of November, 1872, said Cora K. Bennett, representing and signing herself and name as Cora K. Rice, executed and acknowledged as a feme sole and delivered to T. B. Wheeler and plaintiff a warranty deed to her undivided one-fourth of the land certificate described in plaintiff's petition, which said deed was duly recorded in the counties of Parker, Palo Pinto, and Refugio, and the said record in Parker has been destroyed and said original deed lost. On the back of this deed was a relinquishment by Horatio H. Rice of his interest in said certificate, dated December 27, 1872, which was also recorded same as deed, and is lost.

" 7. That plaintiff is and was at beginning of suit the owner of all of said T. B. Wheeler's interest in said land certificate and the land located by virtue thereof.

" 8. That plaintiff and defendant both claim under said Cora K. Bennett, who, in dealing with plaintiff and said Wheeler, represented herself as and signed her name as Cora K. Rice; plaintiff under the conveyance from her to Wheeler and himself and conveyance (agreed to exist) from Wheeler to him; and defendant claims as only child and heir of said Cora K. Rice (Bennett).

" 9. That at the time Wheeler and plaintiff negotiated the purchase of said Cora K.'s interest in said land certificate, and before they paid her therefor, she represented to them, that she was the wife of Horatio H. Rice, and that said H. H. Rice had abandoned her and refused to support her, and that she was in destitute circumstances and had to sell her interest in the certificate for her support; that said Wheeler and plaintiff believed said statements to be true, and relied upon them, and bought her one-fourth interest in said certificate, and paid her $280 for it, which was a fair market price for her interest therein. That said Wheeler and plaintiff, at the time of said purchase from said Cora K., knew nothing of her marriage with said G. W. Bennett, and never heard of it until in 1887, though she was in fact married to him as herein before stated, and they were never divorced.

" 10. That said Cora K. was never married to said Horatio H. Rice, though she did live with him for a time ostensibly as his wife, and went by the name of Cora K. Rice.''

Upon the facts as found, the trial court held as matter of law:  " That by reason of this permanent separation of Cora K. Bennett from her said husband, G. W. Bennett, she had authority to sell her said separate estate without being joined by her said husband, and that the conveyance executed by her to plaintiff and Wheeler passed title from her; and plaintiff having bought from Wheeler, is entitled to relief sought.''

It is contended by plaintiff in error, that the court below erred in rendering judgment in favor of defendant in error, because the facts do not show a case that would warrant the wife in acting in the disposition of her separate property independent of her husband.

It is clear from the facts, that at the time of execution of the deed, in 1872, by Cora Bennett to the defendant in error, she was married to G. W. Bennett, who was living in Kentucky, and that she was living in Austin, Texas, as the reputed wife of another, and that she had wrongfully and permanently abandoned and separated from her husband in the year 1865, and that they had not lived together since that time.   It is equally clear from the facts, that the deed was executed by Cora Bennett without her husband joining in the conveyance, and that the property so conveyed was her separate estate, and that since the separation he had exercised no control over her or her property.

Did these facts authorize the wife to deal with her separate property as a feme sole?

In Clements v. Ewing, 71 Texas, 371, the appellees claimed under a conveyance from Mrs. Hicks, a married woman at the time of its execution.   It appeared that Mrs. Hicks and her husband, J. J. Hicks, married in 1860, and about sixteen months thereafter Hicks entered the Confederate army and remained out of the State until his death, which occurred after the conveyance was executed.   After the war, he never returned to Texas, but remained in Louisiana, where he married again, after obtaining a divorce from Mrs. Hicks, and subsequent to the execution of the conveyance.

It was held, that the long continued absence of the husband authorized Mrs. Hicks to dispose of her separate estate as a feme sole, and that the facts showed that the intention of Hicks was to permanently abandon his wife, and that in order for her to deal with her separate property as a feme sole it was not necessary that there should exist a necessity for the sale.

In Wright v. Blackwood & Frazier, 57 Texas, 647, the appellant, when a married woman, without being joined by her husband, executed a power

of attorney to one Shands, authorizing him to contract for necessary repairs of a house, her separate property. In passing upon the validity of this power of attorney, the court said: "The record shows, that at the time the power of attorney to Shands was executed by her, she was a married woman; but that about two years prior to that time, her husband, who was an officer in the United States Army, went to California, she remaining in Washington City; that they never lived together afterwards, and that sometime during the month succeeding that in which the power of attorney to Shands was executed, the appellant was divorced from her husband. The cause of their separation was not shown; neither is it shown that their separation was not intended to be final, nor that her husband in any manner contributed to her support or managed her business. This testimony was sufficient to authorize the court below to find that the absence of the husband was not temporary in its nature, but was of such character as to require the wife for her own protection to be vested with power to manage and control her separate estate."

In Davis v. Saladee, 57 Texas, 326, the pleadings and the facts show, that at the time of the execution of the note sued on, the appellee, Abby C. Saladee, was living separate and apart from her then husband, Cyrus Thompson. That they had been living separate and apart for about two years at the time the note was executed, and they never lived together afterwards, but that soon after the note was given she was divorced from Thompson and intermarried with Saladee. It appears, that from 1872 to her marriage with Saladee in 1875 she was managing and controlling her own business as a feme sole, and that the note in suit was executed by her for a bill of furniture she had purchased of appellants.

The court says: "If, as in this case, the separation of husband and wife is permanent, the circumstances of such separation would be immaterial on a question of her power to bind her separate property by contract. In such a case, whether the husband has abandoned the wife or the wife abandoned the husband is a matter of no consequence. If the separation is final, she has full power over her separate property and to contract respecting the same. By an unnecessary abandonment of her husband, she might forfeit her homestead and other such rights; but no court has ever intimated that she would thereby lose any right to or interest in her separate property. Under the facts of this case, we are of the opinion, that the note was binding upon Mrs. Saladee, and that her separate property was bound for the same."

Other instructive authorities are cited which in some respects can be read in support of those quoted. Carothers v. McNese, 43 Texas, 224; Wright v. Hays, 10 Texas, 130; Fullerton v. Doyle, 18 Texas, 4; Butler v. Robertson, 11 Texas, 143; Cheek v. Bellows, 17 Texas, 613; Walker v. Stringfellow, 30 Texas, 572; Slator v. Neal, 64 Texas, 223; Black v. Black, 62 Texas, 296; Ryan v. Ryan, 61 Texas, 474.

If the wife deals with her separate property as a feme sole at a time when the facts and circumstances show a permanent separation of the spouses, it is immaterial to the validity of her act upon which of them rests the blame.  If she violates her wifely duty in separating from and abandoning her husband without good cause, and even violates the law of the land and the good order of society by living the life of a wanton, she does not lose and forfeit the title to her separate estate, but it remains hers, subject to such restraints in dealing with it as the law under the circumstances may see fit to impose upon her.  In all such cases the practical question is one of permanent separation.

If at the time the wife so deals with her separate property, without the concurrence of her husband, the spouses are separated with the intent and purpose of it being permanent, she is, for the purpose of dealing with her separate estate, restored to the status of a feme sole.

We think the facts and circumstances as shown by the record indicate that the spouses had permanently separated when the deed was executed by the wife to defendant in error.

The judgment is affirmed.

*Affirmed.*

Delivered April 26, 1893.

Justice KEY did not sit in this case.