## TRAVELERS INS. CO. v. SIMON.
### No. 3410.

Court of Civil Appeals of Texas.
Beaumont.
March 9, 1939.

Pipkin & Pipkin, of Beaumont, for appellant.

Howth, Adams & Hart and Mike Daughtry, all of Beaumont, for appellee.

WALKER, Chief Justice.

This is a Workman's Compensation case. On the verdict of a jury, judgment was entered in favor of appellee, E. C. Simon, for a lump sum in the amount of $2998.90, from which appellant, the Travelers Insurance Company, has duly prosecuted its appeal to this court.

During the trial of the case, and while appellee was on the stand as a witness, the following proceedings were had:

"Q. I want you to tell this jury whether or not it is a fact that before you quit at the Gulf out there, before this date of September 21st 1936, that you talk about here, whether or not it is a fact that you ever said to anybody you wished they would fire you?

"Mr. Daughtry: – If this is for the purpose of impeachment, I want him to give the time and place and who it was said to.

"Mr. Pipkin: – That's not the rule, your Honor. If he said it to anybody I have a right to show it by anybody he said it to.

"Mr. Daughtry: – This man is laying a predicate for impeachment.

"The Court: – Yes; he has to follow the rules.

"Q. Did you ever say it in the presence of Mr. John Naylor?

"The Court: That's not right; what he said to Mr. John Naylor at a certain place and on a certain day; that's the predicate for the impeachment of a witness; and any other predicate is not admissible.

"Mr. Pipkin: – Note my exception

"The Court: I thought the majority of lawyers knew that, but they don't always follow it.

"Mr. Pipkin: I object and except to your Honor's remarks.

"The Court: I don't care what you object to. Of course, you have got a diarrhea of objections.

"Mr. Pipkin: I object to that remark, your Honor. I don't think it is a fair comment on the evidence.

"The Court: Your objections are overruled.

"Mr. Pipkin: Note our exception.

"The Court: I have got a right to lay down the rule on the impeachment of a witness. I am telling you that, if you don't know. If you have got any authorities that say I am wrong about it, why produce them right now.

"Mr. Pipkin: Well, I don't think it is of that much consequence, your Honor, and I just take an exception to the ruling of the Court."

We sustain appellant's assignment of error against the remarks of the court; "I don't care what you object to. Of course, you have a diarrhea of objections." The record shows that this remark was made in criticism of appellant's counsel, and that it was calculated to embarrass him in protecting his record and to prejudice his case before the jury. Counsel's right to cross-examine witnesses and to reserve his exceptions to the rulings of the court is fundamentally inherent in American Jurisprudence, and cannot be limited nor impaired by remarks of the trial judge calculated to excite prejudice or hostility against him in the minds of the jury; nor can the court subject him to ridicule by his remarks in ruling on the exceptions. Southland Greyhound Lines, Inc., v. Matthews, Tex.Civ.App., 74 S.W.2d 713; S. Lightburne & Co. v. First Nat. Bank of Rockport, Tex.Civ.App., 232 S.W. 343; Gulf, C. & S. F. R. Co. v. Metcalf et al.,

Tex.Civ.App., 100 S.W.2d 389; Texas Employers' Ins. Ass'n v. Adcock, Tex.Civ. App., 27 S.W.2d 363; Texas Jurisprudence, Vol. 41, p. 736. We overrule the counter proposition that the remarks of the court were provoked. As we understand the record, counsel was courteous to the trial judge both in reserving his exceptions and in his manner of interrogating the witness. The following statement from the record does not suggest discourtesy:

"Mr. Daughtry: For the sake of the record, I offer the testimony of the man's financial condition on the lump sum.

"Mr. Pipkin: I urge the same objection.

"The Court: Objection overruled.

"Mr. Pipkin: Note our exception.

"Q. How much do you owe him? A. I owe him a hundred dollars.

"Mr. Pipkin: Your Honor, you understand my objection goes to all this line of testimony.

"The Court: Yes, and all overruled.

"Mr. Pipkin: Thank you. Note my exception."

Nor did appellant's counsel waive his objections to the court's remark by the following statement: "Mr. Pipkin: Well, I don't think it is of that much consequence, Your Honor, and I must take an exception to the ruling of the Court;" this remark was directed to the court's ruling on the impeaching testimony. Nor did appellant's counsel waive his exceptions by failure to ask that the jury be discharged and that it be allowed to withdraw its announcement of ready for trial. The error had been committed by the trial court; by its exceptions appellant had called the error directly to the attention of the court and to appellee's counsel. The court did not withdraw his remark nor instruct the jury to disregard them. Of course, in a certain sense appellant "took a chance" on the verdict of the jury being in its favor, but only "the chance" which rides with every exception reserved on the trial; it would not be suggested that a motion for mistrial must be a part of every exception.

We overrule the assignments on the insufficiency of the evidence; it was sufficient to raise all the issues of a compensable injury. In view of another trial, we do not review the evidence in detail. The errors assigned against the court's charge and the argument of counsel need not occur on a new trial.

For the error discussed, the judgment of the lower court is reversed and the cause remanded for a new trial.