## STAFFORD v. POWELL.

### No. 2088.

Court of Civil Appeals of Texas. Eastland.

Jan. 31, 1941.

Thomas & Thomas, of Big Spring, for appellant.

Vernon D. Adcock and Carl Rountree, both of Lamesa, and Bruce Graham and Currie McCutcheon, both of Dallas, for appellee.

FUNDERBURK, Justice.

H. C. Powell brought this suit against Earl E. Stafford. The primary pleadings at the time of the trial were plaintiff's second amended original petition and "Defendant's Answer to the Second Amended Original Petition of Plaintiff." As reflected by the plaintiff's said pleadings the suit was one to recover damages for an alleged eviction of plaintiff from premises owned by the defendant, of which plaintiff had possession under a written rental contract then in force.

The sum of $150 was claimed as actual or compensatory damages, and $1,000 as exemplary or punitive damages. In a jury trial, judgment upon a special verdict was rendered awarding plaintiff recovery of $145.50 for actual damages, and $450 for exemplary damages. From this judgment the defendant has appealed.

For convenience the appellant will be referred to as defendant, and the appellee Powell will be referred to as plaintiff, the same as in the trial court.

In one trial of the case by jury the court instructed a verdict for the defendant. Thereafter the court sustained plaintiff's motion for new trial. No evidence was heard on such motion for new trial. In the succeeding trial the defendant pleaded in bar the verdict of the jury rendered in response to the peremptory instruction as res adjudicata. The correctness of the court's action in overruling such plea of res adjudicata is the first question presented for decision.

The action of the court in sustaining plaintiff's motion for new trial had the effect of setting aside the verdict of the jury. Only a final judgment will support a plea of res adjudicata. When and if a verdict, instead of a judgment upon a verdict, is the subject matter of a plea in bar, the verdict must be one which has not been set aside, or, at least, one which the court has no power to set aside. Hume v. Schintz et al., 90 Tex. 72, 36 S.W. 429; Texas Coca-Cola Bottling Co. v. Lovejoy, Tex.Civ. App., 112 S.W.2d 203.

It is immaterial to the question now under consideration whether the court was in error, or not, in sustaining the motion for new trial. The court undoubtedly had the power to do so and whether such power was exercised properly or improperly the result was to set aside the verdict

and render it ineffectual to bar recovery in another trial of the case.

█ Plaintiff's claim for exemplary damages for which the verdict of the jury awarded recovery of $450 was based upon allegations to the effect that he was forced to leave the rented premises by said "abusive language and threats of violence." The "abusive language and threats of violence" thus referred to were by a third party, Ed Stafford, who was a brother of the defendant, it being alleged that "said Ed Stafford in an angry and threatening manner cursed and abused plaintiff and ordered plaintiff from said premises." Regarding the authority of Ed Stafford to act for the defendant, the only allegation was that the defendant "took his brother, Ed Stafford, upon said premises on said 21st day of June, 1938, and said Ed Stafford on behalf of said defendant, began plowing up the bean crop of the plaintiff." When plaintiff, as a witness, started to testify concerning the threats and abusive language by Ed Stafford, his testimony was objected to "unless it is shown it was in the presence of the defendant. Hearsay and ex parte statement." The honorable trial judge, among other things, remarked that "this plaintiff established that Ed Stafford was acting for this defendant and any statements made by Ed Stafford in the presence of this plaintiff would be admissible." Objection was made and exception taken to such remark of the court upon the ground, among others, that it was "a comment on the weight of the evidence." Plaintiff, by his own testimony, showed that defendant at the time, in effect, disapproved the action of his brother Ed Stafford. Plaintiff further admitted that the defendant did not use abusive language or threaten him. The evidence did not, we think, conclusively show that the acts of Ed Stafford in cursing plaintiff and ordering him off the premises were imputable to defendant. His honor's remark, it would seem, was well calculated to influence the jury to the prejudice of defendant, and we are unable to see with the requisite certainty that an admonition to the jury to disregard such remarks completely rebutted the presumption of its harmful effect.

Plaintiff's claim for actual damages, as pleaded, was to the effect that after June 21, 1938, the day when defendant plowed up the crop of beans, or, in other words, the day that plaintiff was evicted from the premises, the defendant "thereafter had all government acreage reduction contracts in connection with the said farm for the year 1938 placed in the name of defendant as producer, and entitled to all the said government checks; $150 was due plaintiff as renter of said farm and by reason of defendant's action therein plaintiff was damaged $150 in actual damages."

█ There was no evidence as to the nature of the contracts, if any, thus referred to. Plaintiff testified that there was a government check on the farm, that he did not receive any of it, that he was familiar with the rules of the government and the amount that would have been allowed for that particular farm that year. It was then objected that "any information he might have received as to the amount of government checks to be paid upon that farm for that year could only be a matter of hearsay." The objection was overruled and the witness permitted to testify to the effect that one-fourth of the government payment would be "approximately between $140 and $150." Interrogated further as to the source of his information, plaintiff said that other than the fact that he had received four checks, his only other source of information was the county agent. "I told him [the County Agent] the amount of the crop I had in, and he figured approximately the amount the check would be." Thereupon the objection to the evidence as hearsay was renewed and overruled. It does not appear from the evidence, nor do we know judicially, that the receipt of the four checks on other property would qualify the witness to give his opinion in evidence. It would seem to have been clearly shown that the evidence was hearsay. 17 Tex.Jur. p. 525; McCormick & Ray, Texas Law on Evidence, 458, 461; Rathbun v. Miller, Tex.Civ.App., 266 S.W. 818; Webb v. Smith, Tex.Civ.App., 288 S.W. 624.

█ The defendant contends that plaintiff had procured the rental contract under false representations as to the amount of other land he was farming the same year. Specifically, the contention was that the plaintiff had only 70 acres, when in fact he had 170. Plaintiff, as witness, having denied that he made such representation, the defendant offered witnesses to prove that he had done so. This evidence was offered upon the issues of exemplary damages and upon objection was excluded. This action is presented for review. We think the evidence should have been admitted. It was not admissible to justify an unlawful evic-

968

tion; but we think it was admissible as tending to show that the eviction, even if unauthorized was not the result of malice.

Two or three other propositions of defendant should perhaps be sustained, but for the fact that they relate to issues entirely foreign to the cause of action asserted by the plaintiff, or any defense asserted by defendant, as reflected by their trial pleadings. Plaintiff pleaded, in effect, a compromise settlement of a claim of the defendant for damages against plaintiff for wrongful sequestration. The defendant asserted no such claim in this suit, as shown by his trial pleading. Therefore, while we agree that there was no evidence to show the alleged compromise it is a matter wholly immaterial in this case.

Other propositions asserted by the defendant are without discussion overruled.

In view of another trial we think it may be advisable to mention some serious, if not fatal, defects in the pleadings, and other proceedings in this case, not presented for review by any of the assignments of error.

 Plaintiff alleged no contract with defendant other than a written rental contract, all the terms of which were set out in the pleadings. That contract did not include, or make any mention of, any agreement between the plaintiff and defendant as to contracts with the government. The result is that the only contract, for the breach of which the suit sought recovery, did not authorize recovery of $150 for actual damages as claimed. It would also follow that a failure of the pleadings to show any right to actual damages would, at the same time, constitute a failure to show any right to exemplary damages.

The written contract alleged by the plaintiff clearly, we think, constituted as between plaintiff and defendant the relation of landlord and tenant, and not the relation of share croppers. If we are correct in this view, plaintiff's petition sought no recovery of general damages for the breach of the contract. What might have constituted general damages were avoided by the plaintiff's having later procured possession of the crops which he gathered and marketed. The only claims, therefore, for actual damages were special damages, the rule concerning which is that they must be clearly alleged so as to show that they were reasonably within the contemplation of the parties at the time of the making of the contract, or, at least, at the time of the breach of the contract.

The rental contract alleged by the plaintiff declared the agreement of the parties that "in case of a dispute in regard to the cultivation of said crops" the lessee would "abide by the decision of three witnesses and peacefully allow the said lessor to carry out the decision." This was undoubtedly an agreement for arbitration and we think to state a cause of action based alone upon the breach of the contract involving a question of the proper cultivation of the crops, it was necessary for plaintiff to allege an offer to arbitrate, or facts to show a waiver of such provision by defendant.

For the reasons set forth in the first part of this opinion, it is our conclusion that the judgment of the trial court must be reversed and the cause remanded, which is accordingly so ordered.