## TEXAS EMPLOYERS INS. ASS'N v. HALE.

### No. 2480.

Court of Civil Appeals of Texas. Waco.

Dec. 31, 1942.

Rehearing Denied Jan. 14, 1943.

Lawther, Cramer, Perry & Johnson, of Dallas, for appellant.

White & Yarborough, of Dallas, for appellee.

HALE, Justice.

This case arose under the Texas Workmen's Compensation Act, Vernon's Ann. Civ.St. art. 8306 et seq. Upon favorable answers of the jury, appellee recovered judgment as for total permanent incapacity, payable in a lump sum. The principal contested issue was whether the incapacity complained of was the result of an accidental injury sustained on February 9, 1940, or of osteo-arthritis which developed gradually over a long period of time prior to the date of the alleged accident. The testimony of Dr. Hurt tended to show the former, while the testimony of other doctors tended to show the latter.

Appellant contends under the first, second, third and fourth points in its brief that the judgment appealed from should be reversed because of certain statements made by the trial judge in connection with his rulings upon the admissibility of evidence offered during the trial. It insists that such remarks were prejudicial, inflammatory and improper because they constituted comments upon the weight of the evidence.

Since the jurors are the exclusive judges of the credibility of the witnesses and of the weight to be given to their testimony, the rule has become firmly established in the jurisprudence of Texas that the trial judge should not charge upon, or make remarks in the presence and hearing of the jurors which might reasonably be construed as a comment upon, the weight of the evidence. It is also generally held that the trial judge, in ruling upon the admissibility of evidence offered, should not criticize counsel for offering testimony which the court excludes, or make comments in connection therewith which might reasonably tend to excite prejudice in the minds of the jury toward one of the parties or sympathy for the other.

The record in this case shows that Dr. Hurt was the first witness called. On direct examination he testified without objection that he was a graduate of Des Moines Still College, a Class A medical school; that after graduation he came back to Texas and took his medical examination at Austin before the regular medical board; and that there were several recognized branches of medicine in Texas, such as the allopath, the osteopath, the homeopath and the eclectic. The witness was permitted to testify over hearsay objection on the part of appellant that each branch of medicine was represented on the Board of Examiners of Medicine at Austin, and that as a result of his examination he was issued a license to practice medicine and surgery in Texas. In the course of his cross-examination, the witness testified that he was an osteopath and not a medical doctor as such; that the school from which he graduated in Des Moines was an osteopathic school; that he did not have an M. D. degree but did have a D. O. degree. He was asked if he and a Dr. Wyatt had both testified on a certain occasion that a little negro was totally and permanently injured and he admitted that he had. His cross-examination by Mr. Johnson as counsel for appellant was concluded as follows:

"Q. Does Dr. Wyatt still operate out of your office?

"Mr. White: We object to that question and ask the court to instruct the jury not to consider it.

"The Court: The objection is sustained. You should not have asked that question.

"Mr. Johnson: The defendant excepts.

"The Court: Everybody has a right to see all the doctors they want to and I don't care what you put in your bill about the doctors.

"Mr. Johnson: The defendant excepts.

"The Court: I think the defendant has just about as many doctors as the plaintiff. They have a right to bring all the doctors down here they want to.

"Mr. Johnson: The defendant excepts to the remarks of the court."

Immediately after the cross-examination was concluded in the manner above set forth, Mr. White, as counsel for appellee, further interrogated Dr. Hurt on re-direct examination concerning the difference between an M. D. and a D. O. The witness testified on re-cross-examination that Baylor and the University of Texas Medical School each conferred the M. D. degree

and not the D. O. degree, while the Des Moines school from which he graduated conferred only the D. O. degree. The statement of facts discloses the following on final re-direct examination:

"Q. Now, Doctor, he has asked about this M. D. business and the school you attended, what studies did you pursue with reference to whether you took all the courses they take in Baylor University and some courses in addition to that, do you take any other courses in osteopathy?

"The Court: What's the use to go into that. He is a Doctor—he took the examination and passed.

"Mr. Johnson: He is an O. D. and not an M. D.

"Q. You have more studies in the osteopath school than—

"The Court: He is licensed to practice in Texas and that's all there is to it, and I'm getting tired of all this wrangle about qualifications.

"Mr. Johnson: The defendant excepts."

Dr. James Herndon was one of the seven doctors of medicine introduced as witnesses by appellant. He testified in effect that appellee's incapacity resulted from arthritis of the spine, which was caused by a series of incidents arising over a long period of time, and not from the alleged accident. On cross-examination he was interrogated at great length by counsel for appellee as to the nature and extent of the services he had rendered on behalf of appellant, both as a doctor and as a claim agent, and the extent of the services he had rendered as a medical expert witness on behalf of various insurance companies. The statement of facts shows the following occurred at the conclusion of the re-direct examination of the witness by counsel for appellant:

"Q. Have you ever done any work except as a physician and surgeon for the Texas Employers Insurance Association? A. No.

"Q. Are you my family doctor? A. I am.

"Q. Have you ever treated me? A. Yes.

"Q. Are you Judge Paine Bush's family doctor, have you ever treated him.

"The Court: That's enough.

"Mr. Johnson: Will your Honor allow me to ask him at this time?

"The Court: If you have anything in this case you can ask him.

"Mr. Johnson: Can I ask at this time about the number of private patients, and in regard to the number of insurance company cases which constitutes the greater part of his practice?

"The Court: Do you want to pay a fine? I told you to stop and that is exactly what I mean.

"Mr. Johnson: Defendant excepts."

The statement of facts further discloses that immediately after Dr. Herndon was excused as a witness, counsel for appellant moved the court to discharge the jury and declare a mistrial because the above remarks of the court "has prejudiced this defendant's rights before the jury to the extent that he cannot receive a fair trial from this jury."

No extended analysis of the statements complained of is required to demonstrate that they were highly prejudicial and constituted comments upon the weight of the evidence. It was not necessary for the court to anticipate at the beginning of the trial the number of doctors who might be introduced as witnesses, and even though the court was then of the opinion that "the defendant has just about as many doctors as the plaintiff," it was neither necessary nor proper to make such comment or to state in the presence and hearing of the jury that "everybody has a right to see all the doctors they want to and I don't care what you put in your bill about the doctors." The jury might reasonably have inferred from the remarks made that the court was of the opinion Dr. Hurt "took the examination and passed" and since he was licensed to practice in Texas, his testimony should be given as much weight as the testimony of any other doctor or doctors who might be called to testify. By their verdict, the jury did give more weight to the testimony of Dr. Hurt than they did to the testimony of the other doctors combined.

Without further discussion, we hold that the comments of the trial judge herein complained of were prejudicially erroneous to the rights of appellant and were such as to require a reversal of the judgment appealed from. City of Houston v. Pillot, Tex.Com.App., 105 S.W.2d 870; Murray v. Morris, 17 S.W.2d 110, error dismissed; Texas Employers Ins. Ass'n v. Adcock,

578

Tex.Civ.App., 27 S.W.2d 363, error dismissed; Commercial Standard Ins. Co. v. Walls, Tex.Civ.App., 56 S.W.2d 244; Southland Greyhound Lines, Inc. v. Matthews, Tex. Civ.App., 74 S.W.2d 713, error dismissed; Travelers Ins. Co. v. Simon, Tex.Civ.App., 126 S.W.2d 674.

Therefore, the judgment is reversed and the cause is remanded for another trial.