## WEBB v. WEBB.
### No. 11935.

Court of Civil Appeals of Texas.
San Antonio.
April 20, 1949.

Rehearing Denied May 18, 1949.

Farrow & Johnson, Carrizo Springs, for appellant.

Petry, Jeffrey & Dean, Carrizo Springs, for appellee.

W. O. MURRAY, Justice.

This suit was instituted by G. A. Webb in trespass to try title, against Sarah Alberta Webb, his former wife, seeking to recover sixty-four acres of land situated in Dimmit County, Texas, and fully described in the petition.

The trial began to a jury, but at the close of the testimony the court withdrew the case from the jury and rendered judgment that plaintiff take nothing by reason of this suit, from which judgment G. A. Webb has prosecuted this appeal.

The evidence in this case shows that prior to March 3, 1917, the sixty-four acres in controversy was the separate property of Sarah Alberta Webb, and that on that date she executed a deed to her then husband, G. A. Webb, conveying to him thus sixty-four acres. She acknowledged this deed by a single acknowledgment, and she was not joined by her then husband, G. A. Webb. If this deed was valid then G. A. Webb is now the owner of the sixty-foor acres, and if it is void, G. A. Webb is not the owner.

Article 1299 of Vernon's Ann.Civ.Stats. provides as follows: "The husband and wife shall join in the conveyance of real estate, the separate property of his wife; and no such conveyance shall take effect until the same shall have been acknowledged by her privily and apart from her husband before some officer authorized by law to take acknowledgments to deeds for the purpose of being recorded, and certified to in the mode pointed out in articles 6605 and 6608."

■ It is therefore clear that the deed of March 3, 1917, was ineffective to convey the sixty-four acres in question, because such attempted conveyance violates the above article of the statutes. See Graham v. Struwe, 76 Tex. 533, 13 S.W. 381; Minchew v. Hankins, Tex.Civ.App., 278 S.W. 306.

It is contended by appellant that prior to March 3, 1917, G. A. Webb was permanently separated from Sarah Alberta Webb, and that therefore she had full authority, as a feme sole, to convey to anyone the land involved in this suit. Appellant cites Wright v. Hays' Adm'r, 10 Tex. 130, 60 Am.Dec. 200, wherein Chief Justice Hemphill stated, "The general rule at common law is that where a husband absolutely deserts his wife, or leaves the state without any intention of returning, or becomes the subject of a foreign state, or is civiliter mortuus, his wife is regarded as a feme sole and may own property by deed, make contracts and sue and be sued upon them." This is a well recognized exception to the rule that the wife cannot convey her separate property without the joinder of the husband, and is followed in a number of cases. Bennett v. Montgomery, 3 Tex.Civ. App. 222, 22 S.W. 115; Harris v. Hamilton, Tex.Com.App., 221 S.W. 273; Moss v. Ingram, Tex.Civ.App., 239 S.W. 1029.

■ However, we are of the opinion that the record in this case does not show such abandonment by the husband of the wife as will authorize her to convey her separate property without the necessity of his joinder. There is no evidence in the record whatever as to the actual status of appellant and appellee as husband and wife on March 3, 1917, at the time the above deed was executed, other than can be drawn from the fact that appellee had filed suit for divorce in the State of California alleging that on or about the 11th day of April, 1914, appellant had wilfully and without cause deserted and abandoned her, and the further fact that on the 7th day of March, 1916, an interlocutory decree was entered granting her a divorce, to become final one year thereafter, and that on March 10, 1917, a decree was entered in the State of California, making that interlocutory decree final. Appellant testified that he permanently separated from appellee in April, 1914, and never thereafter lived with her.

We do not consider this evidence as in any way establishing the fact that on March 3, 1917, appellant had abandoned appellee and was living separately from her under such circumstances as would authorize her to convey her separate property without the necessity of his joinder.

The deed of March 3, 1917, was executed in the State of Arizona, in which state appellant says he was living at that time. Appellant and appellee were together in the State of Arizona at the time this deed was executed. The allegation of abandonment in the divorce petition does not establish the fact that appellant had actually abandoned and was living separately from appellee on March 3, 1917, under such conditions as would authorize her to convey her separate property without complying with the plain provisions of Article 1299, Vernon's Ann.Civ.Stats.

■ The evidence shows that appellant has never been in the possession of the sixty-four acres herein sued for and he cannot claim title by either the three, five, ten or twenty-five year statutes of limitation. Articles 5507, 5509, 5510 and 5519, Vernon's Ann.Civ.Stats.

■■ Appellant's contention that appellee's claim to the sixty-four acres involved was barred by the four year statute of limitation, Article 5529, Vernon's Ann. Civ.Stats., is without merit and is overruled. This was a suit by appellant in trespass to try title and the burden was upon

him to show title to the land involved. To do this he relied upon the deed of March 3, 1917, which we have decided was a void deed, and therefore he had no right to recover the sixty-four acres of land here involved.

The judgment of the trial court is affirmed.