Pearly HUNTER, Individually and as Guardian of the Estate of Dorothy Ann Murphy, a Minor, Appellant,

v.

Helen STRUGGS, Guardian of the Estate of Don Henry Hunter, a Minor, Appellee.

No. 13823.

Court of Civil Appeals of Texas.

Houston.

Nov. 16, 1961.

Rehearing Denied Dec. 7, 1961.

W. D. Avra, Houston, for appellant.

Russell T. Van Keuren, Don K. Townsend, Houston, for appellee.

BELL, Chief Justice.

Pearly Hunter, Individually and as Guardian of the Estate of Dorothy Ann Murphy, a Minor, sued Helen Struggs, Guardian of the Estate of Don Henry Hunter, a Minor, to establish ownership of Lot 74 in Block 3 of Carvers Terrace Addition in the City of Houston, and to thereby establish the right to the sum of $1,674.00 that was in the registry of the County Court at Law, this amount being the value paid in condemnation by the State of Texas for the property. Plaintiff's position was that she, Dorothy Ann Murphy and Don Henry Hunter (also known as Don Henry Johnson) each owned a one-third interest in the property at the time of condemnation and were each entitled to one-third of $1,674.00.

The court, in a trial without a jury, held that Don Henry Hunter was the sole owner of the property and was thus entitled to the total compensation paid for it.

John Hunter is the common source of title.

Before Hunter's marriage to Pearly, he executed a general warranty deed conveying the property to Don Henry Hunter, but reserving a life estate in himself. The date of this deed is October 5, 1951. Appellant attacks this deed by asserting it was not executed by Hunter or by his authority. Too, appellant says the deed was not valid because the notary who took the acknowl-

**290**

edgment did not make a record of the acknowledgment as required by Article 5955, Vernon's Ann.Tex.St.

Appellant claims under a deed from Pearly and John Hunter executed August 21, 1954, which conveyed the fee to Dorothy Ann Murphy and Don Henry Hunter and reserved to the grantors a life estate. Pearly claims her one-third interest because of a life estate she would have in one-third of Hunter's property, which was his separate property.

■■ The execution of the deed to appellee's ward, Don Henry Hunter, was proven by four witnesses who saw John Hunter sign the deed. Too, the notary who took the acknowledgment testified Helen Struggs brought the deed to him signed and that he required John Hunter to come before him. He then used ink eradicator to erase Hunter's name and had Hunter sign the deed before him and acknowledge it. While Pearly testified John was not able to sign his name because of a paralytic stroke, such evidence but raised an issue of fact as to the execution of the deed. The trial judge found that Hunter did execute the deed. The evidence clearly supports such finding.

■ Article 5955 does require that a notary public keep a record of all instruments acknowledged before him. The statutes nowhere provide a penalty for failing to do so. Certainly, there is no express or implied provision that such failure in any way affects the validity of the instrument. The thing that makes a properly worded deed effective is its execution and delivery. Here it was delivered to Helen Struggs, the agent of Don Henry Hunter. Acknowledgment by the grantor or by a subscribing witness does not add to its validity as a conveyance except where married women are involved. Such acknowledgment is necessary to authorize the recording of the instrument. No question was raised in this case that appellant, a subsequent claimant, purchased without notice of the prior deed which had a faulty acknowledgment.

■ The deed into Don Henry Hunter being effective, the subsequent deed into him and Dorothy Ann Murphy was ineffective to convey any interest. The deed into Don Henry Hunter alone was on record at the time of the execution of the deed under which appellant claims.

The deed of October 5, 1951 was properly proven.

We have considered all of appellant's points and they are overruled.

The judgment of the trial court is affirmed.