Mary MARTIN, Appellant,

v.

Lee S. BANE, Appellee.

No. 17342.

Court of Civil Appeals of Texas, Dallas.

Dec. 12, 1969.

Rehearing Denied Jan. 16, 1970.

Jackson C. Burroughs, Dallas, for appellant.

Waller M. Collie, Jr., Collie & McSpedden, Dallas, for appellee.

BATEMAN, Justice.

The appellant Mary M. Martin, a feme sole, sued to set aside a deed by which she purportedly conveyed certain Dallas County real property to the appellee Lee S. Bane.

She alleged that both her signature and that of the notary public who purportedly took her separate acknowledgment were forgeries, and that she had not acknowledged the deed or appeared before the notary for that purpose. By consent of the parties the case was submitted to the jury on only one issue: i. e., as to whether Henry Tirey, as notary public, signed the deed in question; and the jury answered that he did sign it. The trial court rendered judgment that appellant take nothing. We affirm.

In her third amended original petition appellant alleged that she acquired certain undivided fractional interests in the land by inheritance from her mother and that the land was the homestead of her parents. She also alleged:

"Plaintiff alleges that her father, F. L. Bane, under the laws of descent and distribution of this state, owned a *homestead lifetime estate* in the property herein described and that Plaintiff's *title did not ripen* in said property until after the death of her father, F. L. Bane, who died during the year of 1966 in Dallas, Texas and that prior to that time Plaintiff and her brother, W. F. Bane, had only the *title of remainderman* under the laws of this state * * *." (Italics ours.)

Appellee specially excepted to the italicized phrases because they were not allegations of fact but conclusions of law, and erroneous conclusions of law at that. The court sustained that special exception and appellant contends in her first point of error that she was thereby prevented from offering testimony explaining her failure to discover the forged deed prior to the death of her father, and from showing to the jury that she had no legal right to sue until after her father's death, thus accounting for her 18-year delay and apparent laches in bringing the suit.

The point is without merit and is overruled. The phrases excepted to were,

as stated, only legal conclusions and not allegations of facts upon which the court might make proper conclusions of law.

Moreover, if this was error it was harmless for in a subsequent amended petition she alleged the facts pertaining to her family history as it affected her title, the fact that her father lived on the property until his death, and that the deed conveyed only a "remainderman's interest with no right of possession" and that appellant's right "would not mature until her father's death." These facts were also testified to without objection. Therefore, there was ample pleading and evidence to support appellant's explanation to the jury of her delay in bringing suit. Rule 434, Vernon's Texas Rules of Civil Procedure.

Appellant's second point of error complains of the sustaining of appellee's special exception to an allegation contained in appellant's third amended original petition to the effect that the notary public failed to comply with Vernon's Ann.Civ.St. Art. 5955, in that he did not keep a well-bound book and enter therein the information pertaining to the acknowledgment. Briefed with this point is appellant's third point of error complaining of the exclusion of certain testimony of the notary, offered by appellant, admitting that he did not comply with the aforesaid statutory requirements.

■ The failure of the notary public to comply with the statute in this respect does not in any way affect the validity of the instrument to which the certificate of acknowledgment is attached, Hunter v. Struggs, 352 S.W.2d 289 (Tex.Civ.App., Houston 1961, writ ref'd n. r. e.), and would not in our opinion constitute evidence of probative value to prove that the acknowledgment had in fact not been taken.

The second and third points are overruled.

By her fourth point of error appellant complains of a statement by the trial court to the jury just prior to the introduction by appellee of the witness Ira O. Martin as follows:

"Now, members of the jury, I have sworn in a gentleman last night, after you left, and he had to work all night. I ordered him to be back here at 10:30. We are going to have just a five minute recess to hear this man's testimony so that he can go back home and go to bed and be ready to work tonight."

After the recess the witness Martin testified that he was the former husband of appellant, that he had signed the deed in question and had seen the appellant sign it also. Appellant argues that the court's remarks gave undue prominence to Martin's testimony and was a comment on the weight thereof, putting the jury in sympathy with the witness and causing the jury to give undue weight to his testimony, and was highly prejudicial to appellant.

■ The trial judge's remark, while completely unnecessary, cannot be construed to have the effect of telling the jury that the court was impressed by the importance of the witness, or as constituting a comment on the weight of his testimony. Nor do we think it could be said to excite the jurors' sympathy for the witness or cause them to give any more weight to his testimony than they would if the remark had not been made. The fourth point is overruled.

Appellant's fifth and sixth points complain of certain statements by the trial judge during the rebuttal jury argument of Mr. Burroughs, appellant's counsel. Although appellant had pled and testified that she had not signed the deed, she did not request an issue thereon. In his argument to the jury counsel for appellee stressed this circumstance at some length, advising the jury that this could be taken into consideration by them "in deciding who's telling the truth in this lawsuit, and on which side of this lawsuit the honesty lies." Mr. Burroughs made no objection to that argument, but in his rebuttal stated that his adversary's argument, just mentioned, was

"a criticism of the court." Whereupon a spirited hassle erupted between the lawyers, in the course of which Mr. Burroughs said to the jury:

"If you're going to find that Henry Tirey didn't sign it, then you're going to find she [appellant] didn't sign it."

The court sustained an objection to that argument and instructed the jury not to consider it for any purpose. Whereupon the following ensued:

"MR. BURROUGHS: Note our exception. Do I understand, Your Honor, that—

THE COURT: (Interposing) You may understand this, that if I had wanted this jury to answer a question about whether Mary Martin had signed that deed of May the 6th, 1948, I would have asked the jury the question, but you did not want me to ask the jury that question, and that's in the record outside the presence of the jury.

MR. BURROUGHS: Make the notation we take a full Bill of Exception to the Court's argument to the jury.

THE COURT: You're the one that asked the Court to make a ruling.

MR. BURROUGHS: I don't know how in the world Henry Tirey could have signed it unless Mary signed it, and if Mary didn't sign it, Henry didn't sign it. I don't understand the Court at all.

THE COURT: Well, I understand this, that you specifically, and it's in the record in this case, did not ask me—in fact, I have a copy of No. 1.

MR. BURROUGHS: That's exactly right, Your Honor.

THE COURT: You asked me to take it out.

MR. BURROUGHS: That's right.

THE COURT: And not submit it to this jury.

MR. BURROUGHS: And I'm not used to having to argue with the Judge as well as the other side.

THE COURT: The only thing I'm doing is making a ruling on your objection, and I'm telling the jury again, do not consider his argument on this point in this case for any purpose.

MR. BURROUGHS: All right.

THE COURT: If I had wanted the jury to answer the question about whether Mary Martin signed the deed or not, I would have asked you, but upon the specific request of Mr. Burroughs, I did not ask it, although I had it prepared and still have it right here.

MR. BURROUGHS: I did not think it was necessary to do so because this covered all of it, and I've got a right to tell him that, and I take exception to the Court's arguing to the jury and the instruction to the jury. I have my rights, too, Your Honor.

THE COURT: I adhere to my request and I adhere to the instructions that I have given the jury.

MR. BURROUGHS: All right.

THE COURT: You have about three minutes to bring your argument to a close.

MR. BURROUGHS: Thank you, Judge, it will be a pleasure. I'm not accustomed to having to fight with the Judge also, Judge."

Mr. Burroughs then completed his argument and, as soon as the jury retired, moved for a mistrial because of the events just mentioned, which motion was overruled.

We hold that the said remarks of the court were improper and not invited by appellant, and that they probably prejudiced appellant's cause before the jury.

Appellant's theory was that, in view of the statute then in effect (Vernon's Ann.

Civ.St., Art. 1299) and decisions under it, whether she signed the deed or not, her attack on it in the last analysis depended for success on showing that she did not acknowledge it separately. She relies on Wheelock v. Cavitt, 91 Tex. 679, 45 S.W. 796 (Tex.1898); Lummus v. Alma State Bank, 4 S.W.2d 195 (Tex.Civ.App., Waco 1928, no writ); Robertson v. Vernon, 12 S.W.2d 991 (Tex.Comm'n App.1929, jdgmt. adopted); Keller v. Downey, 161 S.W.2d 803 (Tex.Civ.App., Beaumont 1942, affirmed in Humble Oil & Refining Co. v. Downey, 143 Tex. 171, 183 S.W.2d 426). Therefore, she reasons that this last question was the only ultimate issue entitled to be submitted; that if the jury found that she did acknowledge it in compliance with the statute, or appeared before the notary for that purpose, title would pass even though she may not have signed the deed; and that if the jury found otherwise it would necessarily follow that title did not pass and she was entitled to have the deed annulled even though she had signed it.*

■ Appellant consented to rest her case on the outcome of that one issue. The die having been thus cast, her counsel should have refrained from arguing an issue not submitted and with which, according to appellant's theory, the jury was not concerned. We approve the ruling of the trial court sustaining appellee's objection to the argument in question.

■ However, we do not approve the other remarks of the court in the presence and hearing of the jury. We think they were calculated unnecessarily to bring appellant and her attorney into disfavor before the jury by telling them, in effect, that the plea of forgery of appellant's name to the deed had been abandoned and that appellant was in the attitude of having admitted that in truth she did sign and acknowledge the deed. Particularly objectionable was the court's statement that the attorney's desire that the issue thereon be not submitted is "in the record outside the presence of the jury." Trial attorneys are not permitted to reveal to the jury what transpires in hearings and conferences in chambers, and we deem it an impropriety for the trial judge to do so—particularly when such a disclosure by the court would probably embarrass the attorney or belittle him or his client in the eyes of the jury. The following cases support our views on this matter: Dallas Consol. Elec. St. Ry. Co. v. McAllister, 41 Tex.Civ.App. 131, 90 S.W. 933 (Dallas 1905, no writ); Lamar v. Panhandle & S. F. Ry. Co., 248 S. W. 34, 39 (Tex.Comm'n App.1923, jdgmt. adopted and holding approved); Travelers Ins. Co. v. Simon, 126 S.W.2d 674 (Tex. Civ.App., Beaumont 1939, no writ); Texas Employers' Ins. Ass'n v. Butler, 287 S.W. 2d 198, 200 (Tex.Civ.App., Fort Worth 1956, writ ref'd n. r. e.); Stafford v. Powell, 148 S.W.2d 965 (Tex.Civ.App., Eastland 1941, no writ); Connecticut Gen. Life Ins. Co. v. Moore, 75 S.W.2d 329, 332 (Tex.Civ.App., Beaumont 1934, writ dism'd); and Gulf, C. & S. F. Ry. Co. v. Metcalf, 100 S.W.2d 389, 392 (Tex.Civ. App., Beaumont 1937, no writ).

Appellee argues, however, that the improper remarks of the trial court would not warrant a reversal of the judgment because, appellant having waived the claim of forgery of her signature, the sole issue submitted was immaterial and appellee was entitled to a judgment as a matter of law regardless of the jury's answer to that issue. While recognizing the statutory general rule requiring the wife's conveyance of her separate property to be signed also by the husband and acknowledged by her privily and apart from her husband, appellee says this case comes within the well known exception, that the joinder by her husband

---

* The issue submitted was not objected to as being only evidentiary of the issues as to whether she actually acknowledged the deed in accordance with Art. 6605, V.A. C.S., then in effect, or appeared before the notary for that purpose, the case being tried on the theory that an answer to the issue submitted would determine the matter.

and separate acknowledgment of a married woman who is permanently separated from her husband are not required. It is argued that even if the notary did not sign the certificate of acknowledgment the deed was nevertheless valid since no acknowledgment was necessary, citing Webb v. Webb, 148 Tex. 405, 224 S.W.2d 868 (1949); Masterson v. Bouldin, 151 S.W.2d 301 (Tex.Civ. App., Eastland 1941, writ ref'd); Lobley v. Gilbert, 149 Tex. 493, 236 S.W.2d 121 (1951); Hearne v. Bradshaw, 158 Tex. 453, 312 S.W.2d 948 (1958); Von Hutchins v. Pope Lumber Co., 351 S.W.2d 642 (Tex. Civ.App., Houston 1961, writ ref'd n. r. e.); Clements v. Ewing, 71 Tex. 370, 9 S.W. 312 (1888); and Bennett v. Montgomery, 3 Tex.Civ.App. 222, 22 S.W. 115 (San Antonio 1893, no writ).

Appellant recognizes this exception to the rule, but says that it is inapplicable here for two reasons: (1) the reason underlying it is the absence and unavailability of the husband to sign the deed, but the reason is non-existent here because the husband was present and did sign the deed; and (2) appellee is bound by the recital in the deed, describing the grantors as "I, Mary Martin (nee Mary Bane) joined herein by my husband Ira Martin," and is estopped to take the position now that she executed the deed as a feme sole.

The evidence showed without dispute that appellant and her husband had been estranged and separated for some time prior to the date of the deed, and were then separated; a divorce suit was pending. The permanency of the separation is evidenced by the fact that they were soon thereafter divorced and continued to live apart from that time until the trial of the case some twenty years later.

Art. 1299, V.A.C.S., which was in effect when this deed was executed, was as follows:

"The husband and wife shall join in the conveyance of real estate, the separate property of the wife; and no such conveyance shall take effect until the same shall have been acknowledged by her privily and apart from her husband before some officer authorized by law to take acknowledgments to deeds for the purpose of being recorded, and certified to in the mode pointed out in articles 6605 and 6608."

Nevertheless, it has long been recognized by the courts of this state that a married woman who has been permanently separated from her husband, regardless of which spouse causes the separation, may deal with her separate property as a feme sole. Bennett v. Montgomery, 3 Tex.Civ. App. 222, 22 S.W. 115, 117 (San Antonio 1893, no writ).

■ Webb v. Webb, 148 Tex. 405, 224 S.W.2d 868 (1949), involved the validity of a deed from a wife conveying her separate property to her husband from whom she had been separated for some time. She signed and acknowledged it as if a feme sole, her estranged husband being present. The land was not a homestead. The Court of Civil Appeals (223 S.W.2d 31) had held that the exception to the rule of Art. 1299, V.A.C.S., had no application when the abandoning husband was present at the execution of the deed, but the Supreme Court said that this appeared to be "an overly narrow view of the relevant decisions," and held that "applicability of the statute presupposes an existence of a normal marriage relationship," that "the de facto existence or non-existence of the marriage relationship is what determines the matter, and that the physical absence—or presence—of the husband at the time of the wife's conveyance or contract is not necessarily material," and that the presence of Mr. Webb when the deed was signed did not make the "separation rule" any less applicable than if he had been absent. In this case, therefore, we hold that appellant had the legal right to convey this separate property as if she were a feme sole

(which to all practical intents and purposes she was), and that her estranged husband's presence and his signing of the deed did not deprive her of that right.

We also disagree with appellant's contention that appellee is estopped to claim that appellant acted as a feme sole in executing the deed. The nature of the equitable doctrine of estoppel is thus described in 22 Tex.Jur.2d, Estoppel, § 1, p. 660:

"The broad concept of estoppel is that one who by his speech or conduct has induced another to act in a particular manner ought not to be permitted to adopt an inconsistent position, attitude, or course of conduct and thereby cause loss or injury to the other. In other words, he who by his language or conduct leads another to do what he would not otherwise have done must not subject the other to loss or injury by disappointing the expectations on which the latter acted."

■ Appellee cannot be said to have said or done anything to induce appellant to act in any particular manner, or to do anything she would not otherwise have done; and he certainly has done nothing to cause loss or injury to her or to disappoint any expectations on which she may have acted. He merely accepted the deed which she tendered him; and if he took it with the understanding that it had been properly signed and separately acknowledged by appellant and her husband, as it appeared on its face to be, we know of no equitable principle to prevent him, when the acknowledgment was attacked, from taking the position that in view of the permanent separation of appellant and her husband no acknowledgment was necessary and that title passed upon her signature alone, followed by delivery.

Appellant says that appellee, being bound by the recitals in the deed, is estopped to contradict them. Appellee has not sought to contradict any recitals in the conveyance; he is willing to accept them exactly as they are written; it is appellant, not the appellee, who contradicts the recitals in the certificate of acknowledgment. All appellee is saying is that, assuming the incorrectness of those recitals and that she did not acknowledge the deed, or even appear for that purpose, the deed is nevertheless a valid conveyance by virtue of her signature. We think his position is sound and consistent and that he is not estopped to assert it. For the reasons stated we overrule appellant's fifth and sixth points of error.

■ Having waived her claim of forgery of her signature to the deed, Rule 279, T.R.C.P., and not having secured a favorable jury finding on any other independent ground of recovery alleged, appellant has not shown herself to be entitled to recover. We think appellee was entitled to a judgment as a matter of law. Therefore, the judgment must be affirmed.

### ON APPELLANT'S MOTION FOR REHEARING

In her motion for rehearing appellant contends that we erred in holding that appellee was entitled to judgment as a matter of law because of the permanent separation of appellant and her husband.

Appellant argues that since appellee's title depends on a deed signed and acknowledged by her as a married woman he is estopped to rely on the deed as one signed by a feme sole; also that his contention that the deed was valid without acknowledgment constituted "an avoidance or affirmative defense," which could not be raised on the general denial but was required by Rule 94, T.R.C.P., to be specially pleaded. She argues that if appellee had pled this theory she would not have abandoned the claim of forgery of her signature but would have requested an issue thereon.

Appellant testified that she was married to Ira Martin in July of 1947 and lived with him until the early part of 1948, when they were separated, and that they were divorced in 1949. On cross-examination she testified unequivocally that she and Ira Martin were permanently separated in 1948, and that when they separated she intended it to be permanent. They were still separated at time of trial eighteen years later. These facts appeared on appellant's own presentation of her case and were admitted in evidence without objection on her part. Appellee had generally and specially denied appellant's allegation of forgery of her name to the deed, and made clear in his answer that he was claiming good title under the deed. Was it also necessary under Rule 94, T.R.C.P., for appellee to plead his theory that under the undisputed facts appellant's signature alone validated the deed? We think not. Hearne v. Bradshaw, 158 Tex. 453, 312 S.W.2d 948 (1958), holds that under somewhat similar facts "the parties are deemed to have tried the issue of permanent separation by consent and will not be heard to say on appeal that it was not raised by the pleadings. Rule 67, Texas Rules of Civil Procedure."

Appellee moved for judgment on the verdict as well as upon the specific ground here in question. The judgment contains a finding by the court that at the time of the deed appellant and her husband had permanently separated. No objection was made to the motion, to this finding by the court, or to the judgment on the ground that they were unsupported by a special pleading. Moreover, in appellant's amended motion for new trial there is no assignment of error based on the action of the court in rendering judgment on that ground. Therefore, in any event, we consider that the right now asserted was waived.

The motion for rehearing is overruled.