**GILBERT** et al. v. **LOBLEY** et al.
No. 15141.

Court of Civil Appeals of Texas.
Fort Worth.
June 9, 1950.

Rehearing Denied July 14, 1950.

Donald & Donald, Bowie, Geo. M. Hopkins, Denton, for appellants.

Joe H. Cleveland, Bowie, for appellees.

HALL, Justice.

The appellants herein are known as the Gilbert heirs and the appellees are known as the Lobley heirs.

On December 31, 1945, the district court of Montague County entered judgment in this suit, which was instituted by Grady Chupp et al., owners of one-half the minerals under the F. J. Bellows Survey, located in said County, against the heirs of William Fanning et al., to have the other half of said mineral estate placed in the hands of a receiver; in trespass to try title and remove cloud from title to said mineral estate occasioned by the claims of other parties.

Citation was by publication, and included among the defendants were both appellants and appellees.

Appellants and other heirs of William Fanning et al. filed a cross action requesting that the entire mineral estate be placed in the hands of a receiver, that the interest of the joint owners be fixed and in trespass to try title, etc.

Said judgment established the interests of various parties, awarding to the Gilbert heirs an undivided 1/36th interest in the mineral estate under said survey and divesting all title out of appellees and certain other claimants.

On July 11, 1947, appellees filed a motion for new trial, seeking to set aside the 1945 judgment in so far as it awarded to appellants the 1/36th interest in the mineral estate inherited from Martha Gilbert, and to recover an interest therein. A judgment was rendered by the court in favor of appellees for one-half the Gilbert interest. This court of civil appeals reversed and remanded the cause on points not involved in this appeal. See Gilbert v. Lobley, Tex. Civ.App., 214 S.W.2d 646.

A judgment was rendered on the re-trial upon the merits on February 18, 1950, in favor of appellees as against the heirs of Martha Gilbert, appellants herein, from which judgment they appeal upon six points covering substantially the following propositions:

It was error for the trial court to render judgment in favor of appellees because (1, 5 and 6) they failed to establish their title by a preponderance of the evidence; (2) the power of attorney purporting to have been executed by M. A. Gilbert to W. C. Gilbert is void; (3) the mineral deed from W. C. Gilbert to James E. Lobley was executed individually and not as the deed of M. A. Gilbert and therefore void; and (4) there was no proof to show that W. C. Gilbert or M. A. Gilbert had any interest in said mineral estate, nor to show that M. A. Gilbert was the same person as Martha Gilbert.

In 1892, M. A. Gilbert, whom the court found to be the same as Martha Gilbert, executed to W. C. Gilbert the following power of attorney:

"Know All Men By These Presents, That I, M. A. Gilbert of Washington County, State of Arkansas have made constituted and appointed and by these presents do make constitute and appoint W. C. Gilbert of Montague County State of Texas my true and lawful attorney for me and in my name, place and stead to sell all or any part or any Tract portion or part of Lands situated in any part of the said State of Texas giving and granting unto my said attorney full power and authority to do and perform all and every act and thing whatsoever, requisite and necessary to be done in and about the premises, as fully to all intents and purposes as I might or could do if personally present, with full power of substitution and revocation, hereby ratifying and confirming all that my said attorney or substitute shall lawfully do or cause to be done by virtue hereof.

"In Witness whereof, I have hereunto set my hand this 19 day of September 1892.

"M. A. Gilbert"

On the 27th day of November, 1893, W. C. Gilbert executed a deed covering the land in question to one James Lobley, the portion of said deed pertinent to the issues herein raised is as follows:

"That I, W. C. Gilbert and wife M. A. Gilbert of the County of Montague State of Texas for and in consideration of the sum of Twenty five dollars ($25.00) Dollars to me paid by James Lobley of the County of Montague, State of Texas as follows to-wit: $25.00 in full have Granted, sold and conveyed and by these presents do Grant, sell and convey unto the said James Lobley of the County of Montague State of Texas one half Our Mineral interest in County of Montague State of Texas. In 572½ acres of land known as the Bellows survey and described as follows * * *. To have and to hold all and singular, the premises above mentioned unto the said James G. Lobley and his heirs, or assigns forever and I do hereby bind myself, my heirs * * *" etc.

"Witness my hand and seal this the 27th day of November 1893.

"W. C. Gilbert"

The above deed was duly acknowledged by W. C. Gilbert before a notary public and certificate of acknowledgment completed and signed by the notary. The power of attorney was filed for record November 29, 1893, at 8:00 o'clock a. m.; the deed was filed for record one hour later on said date.

The court upon the last hearing found in its judgment that appellees, J. E. Lobley, W. D. Lobley, Anna S. Lobley West, Mrs. Ivey Stemple, and Mary Horton are the sole and only surviving heirs at law of the said James E. Lobley, grantee in the above deed, and that appellants, Joe Gilbert, Jane Gilbert Garriott, W. P. Gilbert, Roy Gilbert, Floyd Gilbert, Melvin Gilbert, Jr., Dora Gilbert, Preston Cook, Eva C. Roy, Fred H. Cook, Walter C. Cook, Bessie Stallings, Charley Gilbert, Arduth Brown, Mabel McAtee, Charles King, Myrtle Upton, David R. King, Mary Bowen, Howard R. King, Inabelle Chernault, John W. King, James E. King, and Verna Booth are the sole and only surviving heirs at law of Martha Gilbert and husband, W. C. Gilbert.

The court further found in its judgment that W. C. Gilbert was the agent and attorney in fact of M. A. Gilbert, and in its findings of fact it found that M. A. Gilbert and Martha Gilbert was one and the same person, and in its judgment it further found, determined and concluded that the deed above mentioned conveyed to the said James E. Lobley the fee simple title to an undivided one-seventh of the mineral estate in and to the 572½ acres of land in question. It therefore divested the interest which the former judgment of the trial court granted to appellants and vested same in appellees herein.

Appellees' contention is that the deed from W. C. Gilbert to James Lobley was based on the power of attorney from M. A. Gilbert and that same therefore conveyed an estate to the grantee and since no suit has been brought to set aside same from 1893 to 1945, said deed matured into a valid title by virtue of Vernon's Ann.Civ.St. Article 5519, which is commonly termed the twenty-five year statute of limitation.

There is sufficient evidence to support the court's finding that Martha Fanning's husband was named Gilbert. It is agreed between the parties that Martha Fanning Gilbert inherited the land in controversy. The question before us is: Who now owns her interest which she inherited from her father and mother, William Fanning and Mary Large Fanning.

Since there is evidence to the effect that Martha Fanning married a Gilbert and since the instrument which she executed in the form of a power of attorney has been recorded over fifty years, we find the trial court did not err in holding that M. A. Gilbert and Martha Gilbert was one and the same person.

In her power of attorney instrument, M. A. Gilbert did not mention that W. C. Gilbert, to whom she was granting the power to sell, was her husband; however, in the deed W. C. Gilbert mentions that M. A. Gilbert is his wife, and the law of this state, which was in force at that time, is, generally, that a wife cannot convey to her husband and therefore she would not have authority generally to execute a power of

attorney to her husband. Laws of Marital Rights in Texas, Speer, 3rd Ed., p. 169, sec. 124, and cases cited therein; 23 Tex.Jur., p. 245, sec. 214.

It is also the law in this state that the statue of joinder does not apply in those cases where the husband and wife are permanently separated. In such a case the wife's right to convey her property by an individual deed is well recognized (23 Tex. Jur., p. 247, sec. 215), even to the extent of deeding her separate property to her husband. Webb v. Webb, Tex.Sup., 224 S.W. 2d 868. Neither party contends that W. C. Gilbert and wife were separated at the time she executed the proposed power of attorney. However, we make the observation because it would be the only way, under the facts in this case, that appellees could recover and the trial court's judgment sustained under the doctrine of presumption arising from recitals in an ancient instrument.

We note there is stated in the power of attorney that M. A. Gilbert resides in Washington County, State of Arkansas, and that W. C. Gilbert was of "Montague County State of Texas." In our opinion these recitals might raise a presumption that M. A. Gilbert and W. C. Gilbert were permanently separated at the time M. A. Gilbert executed the power of attorney, and therefore such recitals of power to execute an ancient instrument is not to be regarded as conclusive evidence, but presumption arising from such recitals places on appellants, against whom it operates, the burden of producing evidence to rebut it. See West v. Hapgood, 141 Tex. 576, 174 S.W.2d 963, 970. The court went on to say in that case; "The power or authority that is presumed from the bare recital thereof in an ancient deed is a lawful or sufficient power or authority. * * *"

Be that as it may, this suit is one in trespass to try title to recover an undivided interest in the mineral estate which was inherited by Martha Gilbert from her father, William Fanning, and the general burden was on appellees to establish their title by a preponderance of the evidence, and we note in the deed which W. C. Gil-

bert, husband of Martha or M. A. Gilbert, executed to James Lobley, the person under whom appellees claim by inheritance, the following recital: "Know all men by these presents: That I, W. C. Gilbert and wife, M. A. Gilbert, of the County of Montague, State of Texas, for and in consideration of the sum of Twenty five dollars ($25.00) Dollars to me paid by James Lobley," etc. Granting for the sake of argument that the recitals in the power of attorney executed by Martha Gilbert are sufficient to raise a presumption that she and her husband were separated at the time of its execution because of their living in different states, yet when her husband executed the purported deed fourteen months later undertaking to divest her of her separate property, he recited that they both were of Montague County, Texas, from which only one presumption might arise and that is they at that time were not separated. Therefore, the deed from W. C. Gilbert to Lobley could not have conveyed any property owned by Martha Gilbert and/or M. A. Gilbert.

In discussing appellees' contention that the deed from Gilbert to Lobley matured into a valid title by virtue of Article 5519 (twenty-five year statute of limitation), it is necessary to note that the interest in the land in question, which was inherited by Martha Fanning Gilbert from her father, William Fanning, and wife, was in the nature of minerals, they having been severed from the surface in April, 1873 when William Fanning acquired same.

William Fanning and wife left surviving them six children, one of them being Martha Fanning Gilbert.

The trial court found in its conclusions of law "That by virtue of Article 5519 of the Revised Civil Statutes, 1925 [Vernon's Ann.Civ.St. art. 5519], and the passage of more than 50 years, the mineral deed dated November 27, 1893, recorded in Volume 24, Page 453, Deed Records of Montague County, Texas, has become a valid conveyance and does convey a 1/72 interest in the minerals under said 572½ acres of land to James Lobley and such interest (with the exception of that owned by Joe Gilbert) is now owned by the parties in this motion as

set forth in the Judgment rendered herein of February 18, 1950."

The only testimony indicating possession of minerals on or under the land in question is from witness appellee J. E. Lobley, who testified as follows:

"Q. I will ask if this Gilbert and your father did any exploration work on Bellows Survey? A. They refined some asphalt out there.

"Q. Over what period of time? A. I couldn't answer that. I wouldn't think more than maybe 2 or 3 months.

"* * *

"Q. Tell this Court when that was. A. I couldn't tell the year.

"Q. What age were you at that time? A. I was born in 1887 * * * I couldn't have been over five or six years old."

We find this testimony too meager to support a finding that appellees went into possession of the minerals and as stated in the Hapgood case, supra, by the Supreme Court, "One of the requirements of Article 5519 is that possession of the real estate be had under a recorded deed purporting to convey the same." While it is true that the purported deed from Gilbert to Lobley had been on record over fifty years, yet there is lack of evidence to show appellees were ever in possession of the property and held same in accordance with provisions of Article 5519.

Since the real estate involved herein consists of minerals only and since it is shown that neither appellants nor appellees were in visible possession of them and that neither had paid taxes thereon during this period or undertook to exercise dominion over same, we find it necessary to construe the instrument in question without regard to limitation, and in doing so we find the deed under which appellees claim, executed by W. C. Gilbert to their ancestor, James Lobley, void for the following reasons:

In the first place, the mineral interest which he attempted to convey was the separate property of his wife, M. A. Gilbert, and she did not join him in the deed.

Second, even though she may have given him a power of attorney, being legal under the law only by recitals indicating they may have been separated at the time of its execution, yet such presumption is destroyed by the recitals in the proposed deed given by her husband to Lobley wherein he stated they were both of the County of Montague, State of Texas. However, in this connection we are not holding the power of attorney given by M. A. Gilbert to W. C. Gilbert to be valid, but merely stating that if it were valid it was not so at the time Gilbert executed the deed to Lobley.

Third, Gilbert did not execute the deed as attorney in fact for M. A. Gilbert, but the contents of the deed indicate that joint ownership was in him and his wife and he merely executed the instrument in his own name.

Fourth, while the ancient instrument was admissible in evidence without proof of its execution, yet there is no presumption arising from its contents which would justify a holding that Gilbert executed it in the capacity as attorney in fact for his wife while they were permanently separated and therefore the doctrine of presumption based upon an ancient instrument will not apply under such state of facts. A presumption of grant from lapse of time and assertion of ownership does not necessarily arise where all the circumstances, as in this case, are consistent with the nonexistence of a grant; and where the defects of a grant are apparent, then the courts will not presume another and different grant. Houston Oil Co. of Texas v. McCarthy, Tex.Com.App., 245 S.W. 651.

We repeat, as a matter of law, that if the deed was void on the day of its execution, to wit, November 27, 1893, and no possession having been proven in accordance with the provisions of Article 5519, the same is still void.

For the same reasons above enumerated, we find that the testimony is insufficient to support the trial court's judgment under Article 5519a, as contended by appellees.

For reasons stated, judgment of the trial court upon appellees' motion for new trial is reversed and judgment is here rendered in favor of appellants.

974

### On Appellants' Motion to Correct and Amend Findings of Fact and On Appellees' Motion for Rehearing.

Appellants have filed a motion to correct and amend certain findings of fact contained in our original opinion. In our original opinion it is stated that the trial court in the judgment appealed from found that the deed executed by W. C. Gilbert conveyed to James E. Lobley an undivided 1/7th of the mineral estate in and to the 572½ acres of land in question. The judgment of the trial court actually recited that said deed conveyed a 1/72nd interest in such mineral estate, and it is hereby ordered that our opinion be corrected accordingly.

Appellants' motion to correct and amend certain other findings is overruled.

Appellees have filed a motion for rehearing, which we have carefully considered and which we hereby overrule.