## J. E. Lobley et al v. Joe Gilbert et al.

No. A-2852. Decided January 17, 1951.
(236 S. W., 2d Series, 121.)

*Joe H. Cleveland,* of Bowie, *Stine & Stine* and *Vincent Stine,* of Henrietta, for petitioners.

The Court of Civil Appeals erred in holding that W. C. Gilbert did not execute the deed as attorney in fact for his wife; in not holding that the execution of the deed by W. C. Gilbert was only by a power of attorney; in failing to hold that facts are presumed only when recited in an ancient instrument and that after fifty years in the absence of evidence to the contrary the presumption would be that the instrument was legal; and in failing to indulge the presumption that the parties were not separated at the time the deed was executed. Rogers v. Bracken, 15 Texas 567; Edens v. Simpson, Texas Supreme, 17 S. W. 788; Hough v. Hill, 47 Texas 148; West v. Hapgood, 141 Texas 576, 174 S. W. 2d 963; Webb v. Webb, 148 Texas 405, 224 S. W. 2d 868.

*Donald & Donald,* of Bowie, and *Geo. M. Hopkins,* of Denton, for respondents.

In reply to above proposition cited:—Lester v. Hutson, 167 S. W. 321; Grimes v. Hobson, 46 Texas 416; Henderson v. Ford, 46 Texas 627; Johnson v. Bryan, 62 Texas 623; Peak v. Brinson, 71 Texas 310, 11 S. W. 265.

MR. CHIEF JUSTICE HICKMAN delivered the opinion of the Court.

This litigation had its origin in a suit filed by Grady T. Chupp and others against a large number of defendants to recover an undivided one-half interest in the mineral estate in the F. L. Bellows Survey in Montague County. Two groups of defendants who were cited by publication are designated as the Lobley heirs and the Gilbert heirs. The attorney appointed by the court to represent the Gilbert heirs filed a cross-action against the Lobley heirs, and on the cross-action judgment was rendered against the Lobley heirs and in favor of the Gilbert heirs for an undivided 1/36th interest in the minerals, the remaining interests having been awarded to other parties. On a motion for new trial by the Lobley heirs, filed within two years of the rendition of the judgment under Rule 329, T. R. C. P., that portion of the judgment was reversed and judgment rendered awarding the Lobley heirs an undivided 1/72nd interest in the minerals. On appeal the trial court's judgment was reversed and the cause remanded on a procedural error. 214 S. W. 2d 646.

The second trial resulted as the first one, but on appeal the trial court's judgment was reversed and judgment rendered by the Court of Civil Appeals that the Lobley heirs take nothing. 231 S. W. 2d 969. The application of the Lobley heirs for writ of error was granted.

The case was tried on the theory that it was an action in trespass to try title to a 1/72nd undivided interest in the minerals in the tract above mentioned, in which the Lobley heirs were plaintiffs and the Gilbert heirs defendants. The correctness of that theory is not challenged here. The Gilbert heirs introduced no evidence. It appears that William Fanning and wife, Mary Large Fanning, were the common source title. To establish their title the Lobley heirs, as plaintiffs, offered the following: (1) Evidence that Martha Fanning, one of the six children of William Fanning and wife, Mary Large Fanning, married a man named Gilbert; (2) power of attorney from M. A. Gilbert to W. C. Gilbert; (3) deed from W. C. Gilbert to James Lobley; and (4) evidence that they, the plaintiffs, are the heirs of James Lobley, deceased.

The power of attorney recited "* * * that I, M. A. Gilbert of Washington County, State of Arkansas have made, constituted and appointed and by these presents do make, constitute and appoint W. C. Gilbert of Montague County, State of Texas, my true and lawful attorney * * *." It was dated September 19, 1892; signed by M. A. Gilbert, and acknowledged before a notary public in Arkansas. The certificate of acknowledgment was not that required in Texas for a married woman. On November 27, 1893, a deed was executed and acknowledged by W. C. Gilbert, reciting "That I, W. C. Gilbert and wife M. A. Gilbert of the County of Montague State of Texas for and in consideration of the sum of Twenty five dollars ($25.00) Dollars to me paid by James Lobley of the County of Montague, State of Texas as follows to-wit: $25.00 in full have Granted, sold and conveyed and by these presents do Grant, sell and convey unto the said James Lobley of the County of Montague State of Texas one half Our Mineral interest in county of Montague State of Texas. In 572½ acres of land known as the Bellows survey and described as follows: * * *." The warranty recited: "* * * I do hereby bind myself * * *." The power of attorney and deed were filed for record in Montague County at the same time on November 29, 1893. The only title claimed by the Lobley heirs is under that deed. Their original claim of title under the statute of limitation of 25 years, Art. 5519, is not briefed here.

To trace their alleged title back to the Fannings, the Lobley heirs called as a witness Miss Nettie Egan. In answer to the question of whether she was familiar with the family of William Fanning she stated that she did not know any of them, but that she had met three of his heirs, one named Cook and two named King; that all she knew of the family of William Fanning was "What I have been told and the record." From the records she stated that she believed William Fanning's first wife was named Mary Large; and that by that marriage she thought the Fannings had six children. One of those children was named Martha Fanning. Martha Fanning married a man named Gilbert. She did not know Gilbert's given name or initials, and was not prepared to tell the court that Martha Fanning became the wife of W. C. Gilbert, or that Martha Fanning and M. A. Gilbert were one and the same person. The witness stated that she did not think there was any other Gilbert interested in this title except Martha; that she had never heard of any. Upon this evidence the court is called upon to hold that Martha Fanning and M. A. Gilbert were one and the same person.

The power of attorney, as above disclosed, recited that M. A. Gilbert was of Washington County, Arkansas, and W. C. Gilbert was of Montague County, Texas. From that recital the court is called upon to presume that at that time W. C. Gilbert was the husband of M. A. Gilbert, but that they were permanently separated. There is no recital in the power of attorney indicating that at the time it was executed W. C. Gilbert was the husband of M. A. Gilbert and none that they were separated, either temporarily or permanently.

■ This court fully recognizes that time should heal and not destroy titles, and that, therefore, much weight should be accorded ancient instruments which have not been attacked over a long period of time. We recently gave recognition to that rule in Miller v. Fleming, 149 Texas 368, 233 S. W. 2d 571. More impelling reasons exist for liberality in applying that rule in a case where possession would be disturbed by a failure to apply it than in a case, like the instant one, where the only title involved is a small interest in a mineral estate over which, during a long period of time, the parties have exercised no control, and their status would not be disturbed by a denial of its application.

It is conceded by the Lobley heirs that, if at the time of the execution of the power of attorney, W. C. Gilbert was the

husband of M. A. Gilbert, and they were not permanently separated, the same was void under Article 1299. On the other hand, it is conceded by the Gilbert heirs that, if there was a permanent separation at that time, the power of attorney was not void under our holding in Webb v. Webb, 148 Texas 405, 222 S. W. 2d 868. On this phase of the case the question is narrowed down to this: Is there any evidence warranting a presumption of a permanent separation between M. A. Gilbert and W. C. Gilbert? It is the Lobley heirs' theory that that evidence is supplied by the mere recital in the power of attorney that M. A. Gilbert was of Washington County, Arkansas, and W. C. Gilbert was of Montague County, Texas. From that premise it is argued that, since the marital status was established as one of permanent separation, the presumption obtains that that relationship continued until rebutted by proof of a change of relationship, and that the recital in the deed executed the following year that W. C. Gilbert and M. A. Gilbert were husband and wife of Montague County, Texas, was not sufficient evidence to rebut that presumption.

■ A presumption is a rule which "draws a particular inference as to the existence of one fact, not actually known, arising from its usual connection with other particular facts which are known or proved." 20 Amer. Jur., Evidence, Sec. 158. It is founded upon and must conform to the commonly accepted experiences of mankind. Id. It must be based upon an established fact and cannot rest upon a presumed fact. In order to support the title of the Lobley heirs under the deed from W. C. Gilbert it is necessary to presume, without any direct evidence of the fact, that Martha Fanning married W. C. Gilbert; that the marriage took place prior to the execution of the power of attorney; that Martha Fanning and M. A. Gilbert were one and the same person. Based upon those presumptions it must be further presumed that a permanent separation took place between M. A. Gilbert and W. C. Gilbert, and that the fact that M. A. Gilbert and W. C. Gilbert were both living in Montague County, Texas, when the deed was executed, according to a recital in the deed, constituted no evidence of reconciliation. Clearly, their title rests upon presumptions based upon presumptions with no direct evidence of any fact upon which to base the first presumption. The ancient instrument rule operates more in favor of the Gilbert heirs than the Lobley heirs. From the recital in the deed, which is an ancient instrument, W. C. Gilbert and M. A. Gilbert were husband and wife residing in the same county in 1893, and if a presumption is to be indulged it would not be that they were permanently

separated at that time, but that they were living as husbands and wives usually lived in this country at that time.

In our opinion the Court of Civil Appeals has correctly decided this case, and its judgment will accordingly be affirmed.

Associate Justice Wilson not participating.

Opinion delivered January 17, 1951.