DeFORD LUMBER CO., INC., Appellant,

v.

Tome ROYS, Appellee.

No. 20496.

Court of Civil Appeals of Texas, Dallas.

Feb. 10, 1981.

Harry A. DeFord, II, Dallas, for appellant.

O. R. Buddy Wright, Amarillo, for appellee.

Before CARVER, STOREY and STEPHENS, JJ.

STEPHENS, Justice.

This is a wrongful termination of employment case. A jury found that DeFord Lumber Co., Inc., defendant, wrongfully discharged its employee, Tome Roys, in violation of Tex.Rev.Civ.Stat.Ann. art. 8307c (Vernon Supp.1980–1981), and found damages of $23,500. The trial court remitted the damages to $15,570 to conform to the pleadings and rendered judgment. We reverse and render.

Roys was employed by DeFord as a yardman for about five years. On January 27, 1977, Roys was injured on the job. He hired an attorney, filed a worker's compensation claim, and ultimately recovered benefits. Roys was off the job from the time of his injury until he returned to work for DeFord on March 24, 1977. He was discharged on May 27, 1977. Roys alleges that he was wrongfully discharged by DeFord in violation of article 8307c, and seeks recovery for lost wages. DeFord brings forward nineteen points of error, the controlling ones being the lack of evidence to support the answers of the jury to the two special issues submitted. In reviewing the no evidence points, we must consider all evidence and inferences favorable to the jury's findings and reject all evidence and inferences contrary to such findings. *Campbell v. Northwestern National Life Ins. Co.*, 573 S.W.2d 496, 497 (Tex.1978); *Leyva v. Pacheco*, 163 Tex. 638, 358 S.W.2d 547, 550 (1962).

Tex.Rev.Civ.Stat.Ann. art. 8307c (Vernon Supp.1980–1981), the statute under which Roys seeks recovery, reads in part:

> Sec. 2. A person who violates any provision of Section 1 of this Act shall be liable for reasonable damages suffered by an employee as a result of a violation, and an employee discharged in violation of the Act shall be entitled to be reinstated to his former position. The burden of proof shall be upon the employee.

Two special issues were submitted to the jury. In answer to special issue No. 1, the jury found that Roys was wrongfully discharged *solely* because he filed a worker's compensation claim and hired an attorney to represent him in the claim. DeFord contends, in his second point of error, that

there was no evidence to support the jury's answer because the evidence conclusively proved the opposite as a matter of law. No direct evidence was introduced to prove the fact that Roys was discharged solely because he filed a worker's compensation claim and hired an attorney to represent him. Thus for the jury's answer to stand, there must be evidence from which the jury may reasonably infer that this was the sole reason for Roys' discharge. The only circumstantial evidence we find in the record to support his theory is his response when his attorney asked him why he brought this lawsuit. His answer, by way of summary, was that he was fired without a reason, and was thus denied benefits he would have received had he worked there until age 65 (he was 60 years of age at time of trial), that his insurance costs would now be about $15 a month higher, that at his age it was difficult to get work, and that he did not think, "that's the way to do a person." This answer provides no reasonable basis for an inference that he was discharged because he filed a worker's compensation claim. There being no testimony of any witness, including Roys' testimony, that his discharge was a result of his filing a worker's compensation claim, or hiring a lawyer to represent him in the claim, we conclude that the jury based their affirmative answer to special issue No. 1 on speculation, conjecture, or by drawing inferences based on inferences, all of which constitute no evidence. An inference based on an inference will not support a jury finding of a vital fact. *Rounsaville v. Bullard*, 154 Tex. 260, 276 S.W.2d 791 (1955), *Lobley v. Gilbert*, 149 Tex. 493, 236 S.W.2d 121 (1951). We sustain DeFord's second point of error.

■ We next address DeFord's contention, under his second point of error, that the evidence conclusively proved the opposite of the jury's answer to special issue No. 1. There was direct evidence that Roys was not discharged because he filed a worker's compensation claim. DeFord's president testified that the worker's compensation claim had nothing to do with his discharge. Nine witnesses testified that Roys had violated company policies on various occasions after his return to work. Roys himself admitted that he had violated several of the company's policies on numerous occasions after his return. Furthermore, Roys introduced into evidence without limitation or restriction certain printed matter containing company policy and a document entitled an "Employee Termination" statement. The termination statement was prepared and typewritten by DeFord and set forth the reasons for Roys' discharge. It was delivered to Roys and read to him at the time of his discharge. Roys also introduced certain interrogatories and their answers by DeFord which contained charges that Roys had violated numerous company policies. Some of these violations were denied by Roys, but several were admitted. A summation of all the evidence adverse to Roys, yet offered by him without limitation, is unnecessary. Such evidence could have been impeached, but Roys elected not to do so. Thus, this adverse evidence introduced by Roys without limitation, coupled with his admissions as to violations of certain policies of the company, constituted testimonial declarations against him, barring his recovery upon his allegation that the *sole* reason for his discharge was that he filed a worker's compensation claim and hired a lawyer to represent him. *United States Fidelity and Guaranty Co. v. Carr*, 242 S.W.2d 224 (Tex.Civ.App.-San Antonio 1951, writ ref'd). We sustain DeFord's second point of error.

■ DeFord's sixth point of error contends that the jury's answer of $23,500, in response to special issue No. 2 was supported by no evidence. Although the act provides that its violation will subject a person to liability for reasonable damages, Roys seeks recovery only for lost wages. Thus the correct measure of damages is that sum of money the employee would have earned, had he not been terminated, less that sum of money which he in fact did earn, from date of termination to time of trial. Stated another way, the measure is the difference between the sum he would have earned at his old job and the sum he did earn in his new job. *Professional Serv-*

*ices, Inc. v. Amaitis*, 592 S.W.2d 396 (Tex. Civ.App.-Dallas 1979, writ ref'd n. r. e.) The act places the burden of establishing damages on the employee. A careful review of the evidence reveals that Roys was being paid an hourly wage of $3.30 by DeFord on the date of his termination, and that DeFord only paid him for the hours he worked. Sometime after his discharge by DeFord, Roys went to work for McCarty Inc. at an hourly wage of $5.00, which at some later date was raised to $7.00 per hour. The record shows that he worked intermittently at DeFord's and is silent as to his work habits at McCarty Inc. He left McCarty Inc. sometime in June 1978. The record is silent as to the number of hours Roys actually worked for any period of time, either at DeFord's or McCarty's. There is no evidence of the usual or normal number of hours in a regular workday, week, or month at either place of employment, nor is there any estimate of the number of hours he worked. In the absence of some evidence of hours worked by Roys, we conclude that the jury's answer to special issue No. 2 of $23,500 was based upon inferences drawn from facts outside the evidence, conjecture, or pure speculation, none of which will support its answer. *Western Telephone Corp. of Texas v. McCann*, 128 Tex. 582, 99 S.W.2d 895 (1937). We sustain DeFord's sixth point of error.

The evidence submitted by Roys in support of special issues Nos. 1 and 2 constituted no more than a scintilla of evidence and thus would not support the jury's answers. The scintilla rule was fully developed in *Joske v. Irvine*, 91 Tex. 574, 44 S.W. 1059 (Tex.1898) and has been followed consistently in Texas since that time.

Having sustained DeFord's no evidence points, we find no need to address his other points of error. We reverse and render judgment that Roys take nothing.