

# The Attorney General of Texas

November 7, 1984

**JIM MATTOX**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Lloyd Criss
Chairman
Committee on Labor and Employment
    Relations
Texas House of Representatives
P. O. Box 2910
Austin, Texas   78769

Opinion No. JM-227

Re:   Whether an employee of a
state agency may be terminated
while   collecting   workmen's
compensation due to an on-the-
job injury

Dear Representative Criss:

You have asked whether the Texas Department of Mental Health and Mental Retardation [hereinafter MHMR] may terminate non-probationary full-time employees who have been on leave without pay for more than six weeks after having filed a claim and been awarded benefits under the worker's compensation laws. You advise that MHMR has an across-the-board policy which terminates automatically any employee on leave without pay for more than six weeks unless an extension of that leave is approved by supervisory personnel.

It is our opinion that a state agency may not terminate, in the manner described, its employees who are on an unpaid leave of absence and receiving worker's compensation benefits. We believe that the state is required to have a legitimate job-related reason, other than a mere leave of absence, before it may terminate an employee who is on leave because of a job related injury.

State law prohibits the termination of employees who have filed claims under the worker's compensation statutes as follows:

> No person may discharge or in any other manner discriminate against any employee because the employee has in good faith filed a claim . . . or caused to be instituted, in good faith, any proceeding under the Texas Workmen's Compensation Act. . . .

V.T.C.S. art. 8307c, §1. This provision is applicable to state employees. V.T.C.S. art. 8309g, §15(a). A state employee may elect to use his accrued sick leave with the state before receiving weekly compensation payments but is not required to do so. V.T.C.S. art. 8309g, §12. In these statutes, the state has exercised its plenary

legislative power to define public policy regarding the protection afforded to injured public employees who file worker's compensation claims. Any administrative regulation which unreasonably burdens this policy cannot stand.

We believe that the protection provided by this legislative mandate would be of little use to a state agency employee if he could be terminated after having filed a claim and been awarded benefits while on leave from his employment following work-related injuries incurred while pursuing the interests of the state. The termination of such an injured employee would appear to be based on his having filed a good faith worker's compensation claim which resulted in payments during his temporary incapacity. It makes no sense to prohibit an agency from dismissing employees for filing a claim but to permit an agency automatically to terminate employees who have taken leave without pay, because of such injury.

We do not believe that the department of MHMR can validly adopt a uniform limit of six weeks leave without pay after which employees on worker's compensation may be subject to termination. An employee should not be put to the choice of either retaining his employment by returning to work, perhaps prematurely, before the end of the six-week period or initiating a worker's compensation claim which may pay benefits for an extended period of time but would result in the loss of his job.

The cases decided under the anti-discriminatory provision of article 8307c have held essentially that an employee on a worker's compensation leave may be terminated only for reasons unrelated to the worker's compensation claim. E-Tex Dairy Queen, Inc. v. Adair, 566 S.W.2d 37 (Tex. Civ. App. - Beaumont 1978, no writ) (finding that discharge was based both on filing claim and past misconduct sufficient to support verdict for employees); Schrader v. Artco Bell Corp., 579 S.W.2d 534 (Tex. Civ. App. - Tyler 1979, writ ref'd n.r.e.) (more than scintilla of evidence sufficient to support finding of discriminatory discharge for filing a claim); Murray Corp. of Maryland v. Broker, 600 S.W.2d 897 (Tex. Civ. App. - Tyler 1980, writ ref'd n.r.e.) (more than scintilla of evidence sufficient to support finding of discriminatory discharge for filing a claim); Deford Lumber Co., Inc. v. Roys, 615 S.W.2d 235 (Tex. App. - Dallas 1981, no writ); McGarry, "Retaliatory Termination in Workman's Compensation Cases," 44 Tex. B. J. 617 (1981).

In Santex, Inc. v. Cunningham, 618 S.W.2d 557 (Tex. Civ. App. - Waco 1981, no writ), the court upheld a judgment against an employer in a suit by an employee claiming wrongful discharge under article 8307c based upon jury findings that he had been fired both for filing a worker's compensation claim and failure to perform work satisfactorily. The court held that

> an employer may not use the filing of a Worker's Compensation claim as a reason to discharge or otherwise discriminate against an employee even if there are other reasons.

Id. at 559.

We believe that the legislative policy of fair play evident in article 8307c requires that an employee who is injured while in pursuit of the state's interest and who is on an involuntary leave of absence be entitled to have the state show, based on the nature of the employee's duties and the circumstances pertaining to the leave of absence, a legitimate independent reason for the dismissal. This does not mean that the department is required to hold a job open for an indefinite period of time. The department may decide, on a case-by-case basis, that a particular position must be filled because of legitimate business concerns without violating state law; nevertheless, such a possibility does not justify an across-the-board termination policy. We do not believe that a per se rule permitting termination after a certain period of leave without pay is appropriate when that leave is a result of an on-the-job injury. We believe that any other conclusion would pose potential problems with respect to the employee's rights under the federal statute prohibiting discrimination against the handicapped, 29 U.S.C. §794 (1982), and might implicate the employees liberty interests secured by the Fourteenth Amendment to the United States Constitution.

## S U M M A R Y

The Texas Department of Mental Health and Mental Retardation may not automatically terminate non-probationary employees who are collecting worker's compensation benefits and who are on leave of absence without pay for more than six weeks. The mere fact that an employee is in such status for a fixed period of time is not per se an adequate basis for terminating such an employee, and in the absence of a legitimate independent reason, such termination violates the state policy expressed in article 8307c, section 1, V.T.C.S.

Very truly yours,

JIM MATTOX
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Colin J. Carl
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
Colin Carl